FILED
CHARLOTTE, NC

AUG 17 2012

US DISTRICT COU...
WESTERN DISTRICT OF ...

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:11cr373-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | (PRELIMINARY) |
| (5) WAEL MAHMOUD SALEM, | ) | PENDING RULE 32.2(c)(2) |

BASED UPON the defendant's plea of guilty, and finding that there is a nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant (or any combination of defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under § 853(n), pending final adjudication herein:

**The sum of approximately $8.70 seized from Bank of America Account ending 9051;**

**The sum of approximately $1,653.21 seized from Bank of America Account ending 4596; and**

**A monetary judgment in the amount of $4,973,731.00, which represents proceeds obtained, directly or indirectly, from the offenses alleged in the Bill of Indictment and reasonably foreseeable to the Defendant.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to

issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

7. A forfeiture money judgment in the amount of $4,973,731.00 shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, including but not limited to the defendant's interest in the accounts listed above, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p); provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
MICHAEL E. SAVAGE, ESQ.
Assistant United States Attorney

_____
WAEL MAHMOUD SALEM
Defendant

_____
GEORGE NICK MILLER, ESQ.
Attorney for Defendant

Signed this the 30 day of July, 2012.

_____
UNITED STATES _____ JUDGE